## Case No. 15,546.

### UNITED STATES v. KURTZ.

[4 Cranch, C. C. 674.] [1]

Circuit Court, District of Columbia. March Term, 1836.

#### LARCENY—VAGUE INDICTMENT.

An indictment for stealing "sundry pieces of silver coin of the value of twenty-five dollars," is too vague.

Indictment [against William Kurtz] for stealing "sundry pieces of silver coin of the value of twenty-five dollars, of the goods and chattels of one Nicholas Callan."

W. L. Brent, for the defendant, moved to quash the indictment, because the description of the property was too uncertain; and contended that the number and kind of coins should have been stated, and cited Starkie, Cr. Pl. 218, 440; 2 Russ. Crimes, 168. "The general rule is, that the goods stolen should be described with such certainty as will enable the jury to decide whether the chattel, proved to have been stolen, is the very same with that upon which the indictment is founded, and show judicially to the court, that it could have been the subject-matter of the offence charged, and enable the defendant to plead his acquittal or conviction to a subsequent indictment relating to the same chattel." On page 169, he says: "An indictment for stealing '£10 in moneys numbered,' is not sufficient; some of the pieces of which that money consisted should be shown." Rex v. Fry, Russ. & R. 482.

Mr. Key, contra, cited 1 Chit. Cr. Law. 235, and 3 Chit. Cr. Law, 946, 947, that certainty,

[1] [Reported by Hon. William Cranch, Chief Judge.]

to a common intent, is sufficient. But in 3 Chit. Cr. Law, 946, it is said: "The quantity and number of the things stolen, should appear with certainty, as essential to the legal description of the offence; and also because the prosecutor cannot claim restitution of any other goods than those stated on the record. 2 Hale, P. C. 182. An indictment for stealing twenty sheep and ewes, is bad, because the number of each sort is not stated. So it is bad to say that the defendant feloniously stole divers sheep, or doves, without expressing their number." And on page 947, it is said: "An indictment for stealing money should specify the pieces of which that money consisted: saying '£10 in moneys numbered,' is not sufficient." See, also, Peel's Case, Russ. & R. 407; Rex v. Edwards, Id. 497; Rex v. Chalkley, Id. 258, and Rex v. Johnson, 3 Maule & S. 547.

THE COURT (THRUSTON, Circuit Judge, absent) was of opinion that the description of the things stolen was too vague, and quashed the indictment. A new indictment was found by the grand jury. [Case No. 15,-547.]